**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| Plaintiff, | § § | |
| v. | § § | No. 3:06-CV-793-M Consolidated with No. 3:06-CV-1097-M |
| EFS, LLC., et al., | § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, & RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the District Court's *Order*, filed November 30, 2006, before the Court for hearing, if necessary, and recommendation or determination are several applications for compensation, namely (1) the *Receiver's First Application for Compensation*, filed November 17, 2006; (2) *Haynes & Boone's First Application for Compensation*, filed November 17, 2006; and (3) *Lain, Faulkner's First Application for Compensation*, filed November 17, 2006.

The Court held a hearing on these matters on December 7, 2006, at 2:00 p.m. Based on the motions, supporting documents, affidavits, and the applicable law, the Court **RECOMMENDS** that the *Receiver's First Application for Compensation*, *Haynes & Boone's First Application for Compensation*, and *Lain, Faulkner's First Application for Compensation* be **GRANTED** in their entirety.

## I. BACKGROUND

This is a consolidated action prosecuted by the Securities and Exchange Commission against a number of individuals and entities for various alleged fraudulent securities and exchange offerings and transactions. In the named suit, styled *Securities and Exchange*

*Commission v. EFS, LLC, et al.*, No. 3:06-CV-793-M ("EFS Case"), the District Court took possession of the assets and records of the defendants on May 3, 2006 and appointed Christopher Kirkpatrick as the Receiver to hold such assets and records ("EFS receivership estate").  The District Court similarly took possession of the assets and records of the defendants in the consolidated suit, originally styled *Securities and Exchange Commission v. Sunray Oil Company, et al.*, No. 3:06-CV-1097-M ("Sunray Case"), on June 22, 2006, and appointed Kirkpatrick as the Receiver to hold such assets and records ("Sunray receivership estate").  On September 1, 2006, the District Court consolidated the two actions.  Both of the District Court's Orders appointing the Receiver authorized him to employ attorneys, accountants, employees, and others as are necessary and proper for his appointed purposes.  Now, the Receiver, his counsel Haynes & Boone, LLP ("Haynes & Boone"), and his accounting firm, Lain, Faulkner & Co., P.C. ("Lain, Faulkner"), seek payment of fees and expenses for work performed and costs incurred on account of the receivership.

## II.  APPLICATIONS FOR FEES AND EXPENSES

### A. The Receiver's Application

The Receiver seeks approval of his total fees incurred in the EFS Case in the amount of $21,375.00 for the period from May 3, 2006 through September 30, 2006, and he seeks authorization for payment of the unpaid balance, $7,672.50, from the EFS receivership estate. He also seeks approval of his total fees incurred in the Sunray case in the amount of $5,686.50 for the period from June 22, 2006 through September 30, 2006, and authorization for payment of the unpaid balance, $2,593.65, from the Sunray receivership estate.  The fees incurred in the EFS Case by the Receiver reflect 47.3 hours of work performed at an average hourly rate of $451.90.

Those incurred in the Sunray Case reflect 12.4 hours of work performed at an average hourly

rate of $458.59.

The Receiver provided the Court with a list of services rendered to justify the claim for

compensation.  To summarize, the Receiver performed the following in connection with the ECF

Case:

| | |
|---|---|
| a. | Coordinated retrieval of documents and electronic data from EFS offices, counsel and accountants and performed detailed review and analysis of all documents; |
| b. | Took possession of EFS and Freedom Fidelity accounting and bank records and froze all bank accounts; |
| c. | Attended meetings with the SEC and participated in interviews of Pratt and Sunray Oil Company representatives regarding recovery of assets; |
| d. | Conducted numerous telephone calls with investors regarding the status of the proceedings and recovery of assets; |
| e. | Consulted with forensic accountants to analyze investor claims and possible distribution to investors; |
| f. | Prepared for and attended status conference; |
| g. | Worked with accountants to effectuate interim distribution; |
| h. | Assisted counsel in preparation of the Receiver's reports; and |
| i. | Managed general activities of receivership estate. |

Receiver's First Application, at 9.  He performed the following in connection with the Sunray

Case:

| | |
|---|---|
| a. | Coordinated retrieval of documents and electronic data from Sunray offices and performed detailed review and analysis of all documents; |
| b. | Took possession of Sunray's accounting and bank records and froze all bank accounts; |
| c. | Took possession of Sunray's office equipment and furniture and coordinated sale of same; |
| d. | Attended meetings with the SEC and other parties concerning status of oil wells, drilling rig and other assets; |
| e. | Consulted with forensic accountants to analyze investor claims; |
| f. | Reviewed and analyzed issues relating to Oklahoma litigation; |
| g. | Numerous telephone calls with investors regarding the status of the proceedings and recovery of assets; |
| h. | Worked with counsel on discovery issues; |
| i. | Assisted counsel in preparation of the Receiver's reports; and |

        j.       Managed general activities of receivership estate.

Receiver's First Application, at 10.

      Based upon a review of the *Affidavit of Christopher Kirkpatrick in Support of the Receiver's First Application for Compensation*, the Court **FINDS** that these fees and hourly rates, which reflect a blend of the Receiver's customary rate and a discounted rate, are reasonable and were reached after the exercise of appropriate billing judgment.

### B. Haynes & Boone's Application

      Haynes & Boone seeks approval of its total fees and expenses incurred in the EFS Case in the amount of $120,322.50 in fees and $6,073.48 in expenses for the period from May 3, 2006 through September 30, 2006, and it seeks authorization for payment of the unpaid balance, $33,644.74, from the EFS receivership estate.  It also seeks approval of its total fees and expenses incurred in the Sunray case in the amount of $87,845.50 in fees and $1,807.24 in expenses for the period from June 22, 2006 through September 30, 2006, and authorization for payment of the unpaid balance, $41,608.15, from the Sunray receivership estate.  The fees incurred in the EFS Case by Haynes & Boone reflect 373.7 hours of work performed at an average hourly rate of $321.98.  Those incurred in the Sunray Case reflect 283.1 hours of work performed at an average hourly rate of $310.30.

      Haynes & Boone provided the Court with a list of services rendered to justify the claim for compensation.  To summarize, Haynes & Boone performed the following in connection with the ECF Case:

        a.       Consulted with the Receiver concerning the receivership's financial condition and the status of the proceedings;

        b.       Advised the Receiver with regard to all legal matters concerning the Receiver's duties and responsibilities;

    c.      Made several trips to offices of EFS, Sunray Oil, EFS accountants, SEC and other parties to take possession of EFS documents; performed detailed review, cataloged and indexed all documents;

    d.      Prepared and filed various pleadings relating to discovery disputes;

    e.      Depositions/document productions;

    f.      Worked with accountants to establish database containing detailed listing of investors;

    g.      Conducted numerous telephone calls and correspondence with investors and other parties-in-interest regarding the status of the proceedings and recovery of assets;

    h.      Prepared and filed first two reports of Receiver;

    i.      Analyzed and resolved disputes relating to investor claims;

    j.      Prepared for and attended status conference;

    k.      Coordinated interim distribution to investors; and

    l.      Investigated other potential sources of recovery for investors.

Haynes & Boone's First Application, at 9–10.  It performed the following in connection with the

Sunray Case:

    a.      Consulted with the Receiver concerning the receivership's financial condition and the status of the proceedings;

    b.      Advised the Receiver with regard to all legal matters concerning the Receiver's duties and responsibilities;

    c.      Coordinated retrieval of documents and electronic data from Sunray offices; performed detailed review, cataloged and indexed all documents;

    d.      Reviewed documentation and investigated Sunray assets, including litigation claims, oil and gas properties, and various bank accounts;

    e.      Prepared and filed various pleadings relating to discovery disputes;

    f.      Conducted due diligence into potential asset sale with PetroQuest Resources;

    g.      Reviewed documentation and contacted various parties concerning asset purchase agreement between Sunray and PetroQuest Resources;

    h.      Depositions/document productions;

    i.      Worked with accountants to establish database containing detailed listing of investors;

    j.      Conducted numerous telephone calls and correspondence with investors regarding the status of the proceedings and recovery of assets;

    k.      Contacted various brokers and interested potential buyers to discuss the sale of Sunray and J&L's assets;

    l.      Prepared and filed Sunray Report; and

    m.      Investigated other potential sources of recovery.

Haynes & Boone's First Application, at 10–11.

Haynes & Boone also submitted an itemized list of expenses incurred in both cases for standard out-of-pocket charges, not including overhead expenses.

Based upon a review of the *Affidavit of Stephen M. Pezanosky in Support of Haynes & Boone's First Application for Compensation*, the Court **FINDS** that the requested fees and hourly rates, which reflect a blend of professional and paraprofessional work, are reasonable and customary in the community, and were reached after the exercise of appropriate billing judgment.  The Court further **FINDS** that the requested expenses are reasonable.

### C. Lain, Faulkner's Application

Lain, Faulkner seeks approval of its total fees and expenses incurred in the EFS Case in the amount of $96,855.00 in fees and $1,029.71 in expenses for the period from May 22, 2006 through September 30, 2006, and it seeks authorization for payment of the unpaid balance, $38,811.98, from the EFS receivership estate.  It also seeks approval of its total fees and expenses incurred in the Sunray case in the amount of $28,609.50 in fees and $41.24 in expenses for the period from June 23, 2006 through September 30, 2006, and authorization for payment of the unpaid balance, $22,573.34, from the Sunray receivership estate.  The fees incurred in the EFS Case by Lain, Faulkner reflect 454.1 hours of work performed at an average hourly rate of $213.29.  Those incurred in the Sunray Case reflect 113.3 hours of work performed at an average hourly rate of $252.51.

Lain, Faulkner provided the Court with a list of services rendered to justify the claim for compensation.  To summarize, Lain, Faulkner performed the following in connection with the ECF Case:

a.      Consulted with the Receiver concerning the receivership's financial condition and the status of the proceedings, and advised the Receiver with

                regard to accounting and financial matters of the defendants;

b.      Performed detailed review of all documents;

c.      Prepared detailed and summary reports of all cash transactions;

d.      Worked with counsel to establish database containing detailed listing of investors;

e.      Categorized investors by verification of investment amount and computed distribution percentage and reserve required;

f.      Prepared distribution checks to investors;

g.      Conducted numerous telephone calls and correspondence with investors regarding the status of the proceedings and recovery of assets; and

h.      Assisted in preparation of first two reports of Receiver.

Lain, Faulkner's First Application, at 9–10.  It performed the following in connection with the

Sunray Case:

a.      Consulted with the Receiver concerning the receivership's financial condition and the status of the proceedings, and advised the Receiver with regard to accounting and financial matters of the defendants;

b.      Performed detailed review of all documents;

c.      Analyzed documentation to assist in investigation of Sunray assets, including litigation claims, oil and gas properties, and various bank accounts;

d.      Prepared detailed and summary reports of all cash transactions;

e.      Worked with counsel to establish database containing detailed listing of investors;

f.      Conducted numerous telephone calls and correspondence with investors regarding the status of the proceedings and recovery of assets;

g.      Assisted with preparation of the Sunray Report.

Lain, Faulkner's First Application, at 10.

Lain, Faulkner also submitted an itemized list of expenses incurred in both cases for

standard out-of-pocket charges, not including overhead expenses.

Based on the *Affidavit of Marla Reynolds in Support of Lain, Faulkner's First

Application for Compensation*, the Court **FINDS** that these fees and hourly rates, which reflect a

blend of professional and paraprofessional work, are reasonable and customary in the

community, and were reached after appropriate billing judgment.  The Court further **FINDS** that

the requested expenses are reasonable.

### D. The Applicable Law

All of the applications for fees and expenses in this matter are governed by the lodestar method of calculation. *See Hensley v. Eckerhart*, 461 U.S. 424 (1983); *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319 (5th Cir. 1995); *Sec. & Exch. Comm'n v. Megafund Corp.*, No. 3:05-CV-1328-L, 2006 WL 42367 (N.D. Tex. Jan 9, 2006) (Lindsay, J.); *Sec. & Exch. Comm'n v. Tyler*, No. 3:02-CV-282-P, 2003 WL 21517879 (N.D. Tex. June 30, 2003) (Solis, J.). The lodestar is calculated by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. *Hensley*, 461 U.S. at 433. This requires the Court to determine the reasonable number of hours expended as well as the reasonable hourly rates of the applicants. *Kellstrom*, 50 F.3d at 324. In evaluating the reasonableness of the number of hours expended, the Court must "determine whether the total hours claimed are reasonable [and] also whether particular hours claimed were reasonably expended." *Id.* at 325. Reasonable hourly rates may be determined by considering the applicant's regular rates and the prevailing rates in the community. *Id.* at 328. After multiplication of the two amounts, the Court may adjust the result—the lodestar—upward or downward as it sees fit based on consideration of the twelve factors enumerated originally in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974). *Kellstrom*, 50 F.3d at 329.

### E. Analysis

The Court conducted a hearing regarding the three applications for compensation and has carefully reviewed the billing records and affidavits submitted by the Receiver, Haynes & Boone, and Lain, Faulkner. Additionally, the Court has reviewed the history of the suit and the

prior reports submitted by the Receiver.  With this in mind, and given the complexity of the issues involved and the investigatory nature of the work required, the Court is satisfied that the total number of hours expended by all three applicants was reasonable.  Based on the same review, the Court is further satisfied that the particular hours claimed by all three applicants were reasonably expended.  As set forth above, the Court is satisfied that the particular hourly rates claimed by all three applicants are reasonable and customary in the community given the experience of the applicants.  *See Kellstrom*, 50 F.3d at 328.  Finally, after careful consideration of the twelve *Johnson* factors, the Court declines to adjust the lodestar upward or downward. Therefore, the Court **RECOMMENDS** that the applications for compensation be granted in their entirety, and that (1) the Receiver be awarded **$7,672.50** from the EFS receivership estate and **$2,593.65** from the Sunray receivership estate, (2) Haynes & Boone be awarded **$33,644.74** from the EFS receivership estate and **$41,608.15** from the Sunray receivership estate, and (3) Lain, Faulkner be awarded **$38,811.98** from the EFS receivership estate and **$22,573.34** from the Sunray receivership estate.

### III.  RECOMMENDATION

Based on the foregoing, the Court **RECOMMENDS** that the *Receiver's First Application for Compensation*, *Haynes & Boone's First Application for Compensation*, and *Lain, Faulkner's First Application for Compensation* be **GRANTED** in their entirety.

**SO RECOMMENDED** on this 24th day of January, 2007.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten (10) days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985)*; Perales v. Casillas*, 950 F.2d 1066, 1070 (5th Cir. 1992). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE