IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

OCT 15 2012

CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,§ | |
| § | |
| Plaintiff, § | Civil Action No.: |
| § | 3:06-CV-0793-M |
| vs. § | |
| § | Consolidated with No.: |
| EFS, LLC, et al., § | 3:06-CV-01097-M |
| § | |
| Defendants. § | |
| § | |

## FINAL JUDGMENT OF DISGORGEMENT, PREJUDGMENT INTEREST, AND CIVIL PENALTY AS TO DEFENDANT LARRY STILES

The Court having considered the Securities and Exchange Commission's Motion for Final

Judgment of Disgorgement, Prejudgment Interest, and Civil Penalty as to Defendant Larry Stiles

("Defendant") and Brief In Support, the motion is hereby, GRANTED. Accordingly:

I.

IT IS HEREBY ORDERED that Defendant is liable for disgorgement of $356,016.67,

representing profits gained as a result of the conduct alleged in the Complaint, together with

prejudgment interest thereon in the amount of $3,598.39, and a civil penalty in the amount of

$ 50,000 ~~pursuant to Section~~ pursuant to Section

20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15

U.S.C. § 78u(d)(3)]. Defendant shall satisfy this obligation by paying the sum of the foregoing

disgorgement, prejudgment-interest, and civil-penalty amounts to the Securities and Exchange

Commission pursuant to the terms of the payment schedule set forth in paragraph II below after

entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide

detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Larry Stiles as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 365 days following entry of this Final Judgment. Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the

administration of any distribution of the Fund. If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that Defendant is entitled to, nor shall Defendant further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

II.

IT IS FURTHER ORDERED that Defendant shall pay in full the total of disgorgement, prejudgment interest, and penalty within 365 days of entry of this Final Judgment. Payments shall be deemed made on the date they are received by the Commission and shall be applied first to post judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any unpaid amounts

3

due after 365 days of the entry of Final Judgment.  Prior to making the final payment set forth

herein, Defendant shall contact the staff of the Commission for the amount due for the final

payment.

III.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this matter for the

purposes of enforcing the terms of this Judgment.

IV.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil

Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

Dated: _____ 10/15 , 20 12 .

UNITED STATES DISTRICT JUDGE